BALTIMORE & OHIO RY. v. M. ELIZABETH SIMPSON.

CONSTRUCTION OF BRIDGE NOT PROXIMATE CAUSE OF DAMAGES TO LAND BY RETARD-
ING FLOW OF FLOOD WATERS.

> Damages to land by flood waters cannot be attributed to a railway com-
> pany for negligence in the construction of a bridge on its right of way
> over a flowing stream by mere casual connection between damming the
> water and retarding its flow, especially in view of the facts appearing
> that the flood was unprecedented, and that other causes intervened and
> that the building of the bridge was not the proximate cause thereof.

[Syllabus approved by the court.]

ERROR to Richland common pleas court.

**Cummings, McBride & Wolfe,** for plaintiff in error;

**Kerr & LaDow,** for defendant in error.

DONAHUE, J.

Mrs. Simpson commenced an action against the Baltimore & Ohio
Railway Co. for alleged negligence in that the company had, in the year
1899, changed the railroad bridge across a stream, and substituted there-
for a new bridge, lowering the structure so as to obstruct the flow of
water at flood times under the bridge, and so changing the character
of the bridge from an open framework to one with solid sides; that it
narrowed or contracted the space through which the water could flow
under said bridge, causing it to back, and turning it to one side of the
stream. and thence across to the other side of the stream, upon the other
side of the bridge throwing it against plaintiff's land, cutting a channel
through her land and causing her great damage.

The situation as shown in the record is substantially as follows:
The railroad right of way extends in a northwesterly direction. The
public road runs for a distance parallel with the railroad right of
way, turns abruptly to the south, and crosses the stream in question.
This fork of the Mohican creek runs in an easterly direction south of the
field which was claimed to be injured, and turns to the east of said field.
The railroad bridge, which was rebuilt in 1899, with the solid sides, the
record shows rests upon the same abutments or piers that the old bridge
with the openwork rested upon, except that it is claimed, and the testi-

mony tends to prove, that the pedestal stones or abutments were lowered about twenty-two inches; and that the solid sides of the new bridge extended down toward the bottom of the creek about the same distance that the rods of the old bridge extended.

The proof in this case unquestionably establishes the fact that this was an extraordinary flood. Plaintiff's own testimony convinces the court that such was the case. The defendant's testimony tends to establish the fact that it was an unprecedented flood. The defendant could only be held to the exercise of such judgment in building its bridge as could reasonably and fairly meet the requirements of the usual and ordinary flood waters of that stream, and could not be called upon to build its structures so as to anticipate extraordinary or unprecedented floods. The defendant cannot be called upon to respond for any injury resulting to plaintiff's land which was not occasioned by its acts or failure to provide against matters which it could not have reasonably anticipated.

We have examined this record with great care, and we are unable to see how the results are necessarily attributable or in anywise attributable to the acts of the defendant in building and erecting this bridge. Assuming that the evidence shows that the bridge with its solid sides did retain the water and prevent it from passing under the bridge as freely as the former bridge, yet we fail to see the connection between the damming of this water, and the injury that resulted to plaintiff's land in consequence of the flowing of the water below the bridge after it had gone through and under the bridge; nor do we discover in this record that the evidence sustains any theory upon which it can be claimed that this bridge was the proximate cause of the damages complained of by the plaintiff.

We think that a clear and explicit definition of the proximate cause and the proof essential to be submitted to a jury is found in the case of *Laidlaw* v. *Sage*, 158 N. Y. 173 [52 N. E. Rep. 679]. The proximate cause of an event is that which in a natural and continued sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred; and the act of one person cannot be said to be the proximate cause of an injury when the act of another person has intervened and directly inflicted it.

An accident or injury cannot be attributed to a cause unless, without its operation, it would not have happened.

We cannot attribute the injury to the new bridge as built and maintained by the railroad company; the evidence does not sustain plaintiff's claim in that behalf, and all such theory in reference thereto must be

Railway v. Simpson.

mere conjecture, and the jury cannot be permitted to indulge in conjecture.

We call attention to the fourth paragraph of the syllabus in the case of *Laidlaw* v. *Sage, supra:*

"To justify the submission of any issue to the jury, there must be sufficient proof to sustain the claim of the party upon whom the onus rests * * *."

And this is the holding of our own Supreme Court in *Clev. Term. & Val. Ry.* v. *Marsh,* 63 Ohio St. 236 [58 N. E. Rep. 821; 52 L. R. A. 142]:

"To establish negligence, there should be either direct proof of the facts constituting such negligence or proof of facts from which negligence may be reasonably presumed. There should be no guessing by either the court or the jury."

It appears in this record, and it is uncontradicted, that the bridge over the county road was washed out by this flood and lodged against the abutments of the railroad bridge, and that it interfered and retarded the flow of the water, and diverted it and turned it in the direction claimed by plaintiff. Here was an intervening cause, and we are unable to see how, from the evidence in this case, the injury could be attributed entirely to the defendant's negligence, if there was negligence, and for this intervening cause, the defendant was in nowise responsible. Reading again from *Laidlaw* v. *Sage,* the eighth paragraph of the syllabus:

"When damages claimed in an action are occasioned by one of two causes, for one of which the defendant is responsible, and for the other of which he is not responsible, the plaintiff must fail if his evidence does not show the damage produced by the former cause, and the jury must not be left to mere conjecture, and a bare possibility that the damage was caused in consequence of the act of the defendant is not sufficient."

Finding that the verdict in this case is contrary to the manifest weight of the evidence and contrary to law, we reverse this judgment at the cost of the defendant in error.

Judgment reversed. Exceptions entered, and the cause remanded to the court of common pleas for further proceeding according to law.

**McCarthy** and **Taggart, JJ.,** concur.